**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WOLFGANG PARADA MANTILLA,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

Case No. 2:26-cv-03599-MIS-JFR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Wolfgang Parada Mantilla's[1] Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 26, 2026. Petitioner is a citizen of Colombia who has resided in the United States since December 2023. Pet. at 9. After an initial detention around the time of his arrival, Petitioner was issued a Notice to Appear ("NTA") for removal proceedings and then released on an Order of Release on

---

[1] The Court directs the Clerk's Office to ensure Petitioner's name is spelled correctly in the Docket.

Recognizance. Id.; Notice to Appear, ECF No. 8-2. He then filed a claim for asylum, which remains pending. Pet. at 9.

On July 29, 2026, Petitioner was arrested and detained in Florida for not having a valid drivers' license. Form I-213, ECF No. 8-4. The next day, United States Department of Homeland Security ("DHS") issued an administrative warrant authorizing the detention of Petitioner during removal proceedings. Warrant for Arrest of Alien, ECF No. 8-5. United States Immigration and Customs Enforcement ("ICE") executed the warrant on September 25, 2026, and took Petitioner into custody. Id. Petitioner has remained in custody since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Pet. at 1. Petitioner was not provided with a bond hearing prior to his detention. Pet. at 6. He filed this Petition on October 26, 2026, requesting immediate release. Pet. at 1, 7. On November 3, 2026, he requested a bond hearing and on November 9, 2026, Respondents were to provide a bond hearing, but Petitioner withdrew his request. ECF Nos. 8-7, 8-8.

On October 27, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the petition show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On November 10, 2026, the federal Respondents filed a "Response [to the] Petition." ECF No. 8.[2] Therein, they state:

---

[2] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)). Respondents further assert that the appropriate remedy is to provide Petitioner with a bond hearing because Petitioner had previously requested one and then withdrew his request when they offered it. Id. at 2-3. Respondents do not offer any other basis for Petitioner's continued detention. See generally ECF No. 8.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's

detention and his continued detention without a bond hearing violates 8 U.S.C. § 1226(a). As such, he is entitled to habeas relief.

The Court further finds that Petitioner's immediate release is the appropriate remedy. Notably, Respondents had released Petitioner on his own recognizance on December 5, 2023, reflecting that they had determined that he was not a danger or a flight risk. See Cuauro v. Warden, No. 2:26-CV-01110-MLG-KK, 2026 WL 1895912, at *2 (D.N.M. June 22, 2026) (noting release pursuant to 8 C.F.R. § 236.1(c)(8) requires a determination that he was neither a danger to the community nor a flight risk)); Marrero Yera v. Baltazar, No. 1:26-CV-00476-SKC-SBP, 2026 WL 472014, at *2 n.2 (D. Colo. Feb. 19, 2026). Further, prior to detaining Petitioner on September 26, 2026, Respondents did not provide Petitioner with a bond hearing, explain the basis of his detention to him, or cancel the Order of Release on Recognizance. See generally ECF No. 8 and 8-1 through 8-8. It was not until Petitioner filed the Petition and requested a bond hearing, thirty-six days after detention, that Respondents moved to provide Petitioner with the process that 8 U.S.C. § 1226(a) requires. Even now, Respondents fail to articulate a legitimate factual basis to cancel the previous Order of Release on Recognizance or a legitimate interest in Petitioner's continued detention, see generally ECF No. 8, and having failed to do so, the Court finds immediate release to be the appropriate remedy. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Wolfgang Parada Mantilla from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3. Respondents shall return all of Petitioner's seized property to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE